**Daren Kent ROGERS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 99–56782.
D.C. No. CV–99–01234–IEG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2000.

Decided March 30, 2001.

Before BROWNING, PREGERSON, and BEEZER, Circuit Judges.

MEMORANDUM [1]

---

1. This disposition is not appropriate for publication and may not be cited to or by the

Daren Rogers appeals the district court's denial of his § 2241 petition, in which he claimed his good time credits were arbitrarily and capriciously revoked in a prison disciplinary hearing. This court reviews de novo the district court's denial of a federal prisoner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, *Bowen v. Hood,* 202 F.3d 1211, 1218 (9th Cir.2000). We affirm.

■ Due process in a prison disciplinary proceeding is satisfied when the hearing is conducted by a neutral fact-finder and the inmate is provided: 1) written notice of the charges; 2) a statement of the evidence relied on by prison officials and reasons for disciplinary action; and 3) the opportunity to call witnesses and present evidence if doing so would not unduly threaten institutional safety and goals. *Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). When a disciplinary board decides to revoke good time credits, due process also requires the decision be supported by some evidence in the record. *Superintendent, Mass. Corr. Instit. v. Hill,* 472 U.S. 445, 454–55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Because Rogers conceded at oral argument that some evidence supports revocation of his good time credit, the only remaining issue is whether the revocation was arbitrary and capricious and therefore violated due process.

■ When Rogers appealed the initial decision, he was granted a new hearing before a different committee member. Rogers provides no evidence to substantiate his claim that the second disciplinary committee member was so influenced by the first that he was incapable of making an unbiased determination of Rogers' culpability. The second disciplinary hearing therefore rendered moot any impropriety

in the first hearing. The district court did not abuse its discretion when it denied Rogers' request for discovery of a taped conversation between Rogers and the first committee member because the tape was sought for the sole purpose of showing the first committee member's bias.

Rogers was not denied the right to present evidence or witnesses. Testimony from two of the three witnesses requested by Rogers was presented at the second hearing. Rogers provides no evidence to refute the Board of Prisons' explanation that testimony from Rogers' third witness was not presented because the witness failed to return phone calls from prison investigators.

AFFIRMED.

---

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

